UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DREW GARDNER,

            Plaintiff,

    v.

CALIFORNIA HIGHWAY PATROL;
CALIFORNIA HIGHWAY PATROL
OFFICER J.J. FISHER;
CALIFORNIA HIGHWAY PATROL T.
NEWMAN; TEHAMA COUNTY
SHERIFF'S DEPARTMENT; TEHAMA
COUNTY SHERIFF'S DEPARTMENT
DEPUTY INVESTIGATOR ED
MCCULLOUGH; KENNETH MILLER;
and DOES 1 through 50,

            Defendants.

No.  2:14-cv-02730 JAM CMK

**ORDER DENYING DEFENDANT MILLER'S MOTION TO DISMISS**

This matter is before the Court on Defendant Kenneth Miller's ("Defendant") motion to dismiss the seventh and ninth causes of action (Doc. #10) of Plaintiff ("Plaintiff") Drew Gardner's complaint (Doc. #1).  For the following reasons, Defendant's motion is DENIED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 11, 2015.

1

1              I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          On January 2, 2014, Plaintiff was riding as a passenger in a

3     Jeep Wrangler that had been reported stolen.  Compl. ¶¶ 16-17.

4     Upon seeing a police car, the driver of the Jeep abandoned the

5     car and told Plaintiff to do the same.  Compl. ¶ 18.  Plaintiff

6     was apprehended and taken into custody at Tehama County Jail.

7     Compl. ¶¶ 19, 25.  During booking, the arresting officer reported

8     confiscating a "clear white baggie with a white crystalline

9     substance" – which tested positive for methamphetamine – from

10    Plaintiff's jacket.  Compl. ¶ 26.

11         On January 3, 2014, Ed McCullough – a deputy investigator

12    with the Tehama County Sheriff's Department – was tasked with

13    conducting an investigation of this incident.  Compl. ¶ 30.

14    McCullough interviewed Plaintiff, who told him that he was a

15    passenger in the car and had been offered a ride by Charles Jacob

16    Steele, whom "he had just met at a mutual friend's house."

17    Compl. ¶ 32.  Plaintiff informed McCullough that, prior to his

18    arrest, they had stopped at a car dealership and a gas station,

19    and that witnesses at both locations could confirm that he was

20    not the driver of the stolen vehicle.  Compl. ¶¶ 33-34.

21    McCullough followed up on both of these leads, and spoke with a

22    witness at the car dealership.  Compl. ¶ 34.  The witness picked

23    Plaintiff out of a photo line-up, and identified him as the

24    passenger of the vehicle.  Compl. ¶ 35.  McCullough allegedly

25    "failed to alert anyone at the Tehama [County] District

26    Attorney's office, the Tehama County Jail, or the Shasta County

27    Sheriff's department" of these exculpatory findings.  Compl. ¶

28    36.

                                    2

On January 6, 2014, Plaintiff was charged with: (1) unlawful driving or taking of a vehicle; (2) receiving stolen property – motor vehicle; (3) driving under the influence; (4) bringing contraband into the jail; (5) possession of a controlled substance; and (6) carrying a dirk or dagger.  Compl. ¶ 38.  Defendant Kenneth Miller was assigned to be his public defender.  Compl. ¶ 41.

On January 8, 2014, McCullough resumed his investigation and visited the gas station at which Plaintiff claimed to have stopped before his arrest.  Compl. ¶ 42.  He obtained video surveillance from the date of the incident, and allegedly observed that Plaintiff was the passenger in the vehicle.  Compl. ¶ 42.  McCullough wrote up a report of his findings ("the McCullough Report"), but it is unclear when this report was filed with the Tehama County District Attorney's Office.  Compl. ¶ 45.  Plaintiff alleges that it "failed to make its way to the Tehama County District Attorney's Office" during the period that Defendant represented Plaintiff.  Compl. ¶ 48.

Between January 6, 2014 – when he was appointed as Plaintiff's attorney – and February 25, 2014 – when he was fired by Plaintiff – Defendant Miller allegedly "never once interviewed Plaintiff to obtain Plaintiff's version of the facts nor conducted any investigation."  Compl. ¶ 47.  On February 7, 2014, Plaintiff's mother retained private counsel to represent Plaintiff.  Compl. ¶ 49.  Plaintiff's retained counsel conducted an investigation and allegedly discovered substantially the same exculpatory information which McCullough had learned through his official investigation.  Compl. ¶¶ 50-53.  On March 12, 2014,

3

1   Plaintiff's retained counsel sent a letter summarizing its

2   findings to the Tehama County District Attorney's Office.  Compl.

3   ¶ 54.  That same day, the Tehama County District Attorney

4   provided Plaintiff with a copy of the McCullough Report.  Compl.

5   ¶ 55.  On March 17, 2014, the three vehicle-related counts

6   against Plaintiff were dropped.  Compl. ¶ 56.  Plaintiff remained

7   in custody on the three booking-related pending charges.  Compl.

8   ¶ 56.

9        On April 1, 2014, Plaintiff "persuaded Sargeant Baulkin at

10  the Tehama County Jail to look at the booking video."  Compl.

11  ¶ 58.  The video showed that Plaintiff was not wearing the jacket

12  which allegedly contained the "baggie of meth" confiscated during

13  booking.  Compl. ¶ 58.  Instead, the video showed that the

14  arresting officer carried the jacket into the booking room.

15  Compl. ¶ 58.  On April 21, 2014, the remaining counts relating to

16  Plaintiff's booking were dismissed.  Compl. ¶ 59.  Plaintiff was

17  released from custody that day.  Compl. ¶ 59.

18       On October 17, 2014, Plaintiff filed his complaint in Tehama

19  County Superior Court.  On November 11, 2014, Defendants removed

20  the matter to this Court.  The Complaint includes nine causes of

21  action. As noted above, only the seventh cause of action for

22  negligent infliction of emotional distress and the ninth cause of

23  action for professional negligence are brought against the moving

24  defendant Kenneth Miller. The remaining causes of action are

25  brought against individual officers and municipal police entities

26  for their alleged role played in Plaintiff's arrest and

27  incarceration.

28

1

2                          II.   OPINION

3         A.   Judicial Notice

4         Defendant Miller requests that the Court take judicial

5    notice (Doc. #11) of the complaint filed in this action.   The

6    complaint is already part of the record in this case, and the

7    request is denied as unnecessary.

8         B.   Discussion

9         Defendant Miller argues that both causes of action brought

10   against him – negligent infliction of emotional distress and

11   professional negligence – must be dismissed because Plaintiff has

12   failed to allege facts sufficient to establish the essential

13   element of causation.   Mot. at 7.   Specifically, Defendant Miller

14   argues that Plaintiff has failed to allege that he would have

15   spent less time in jail if Defendant had competently represented

16   him.   Mot. at 8.   Plaintiff responds that Defendant's inaction –

17   especially his failure to interview Plaintiff during the entirety

18   of his representation – "resulted in additional jail time for

19   Plaintiff."   Opp. at 3-4.

20        Causation is a necessary element of both negligent

21   infliction of emotional distress and professional negligence.

22   Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.

23   3d 583, 588 (1989); Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th

24   811, 821 (2011).   Thus, to state a claim for these two causes of

25   action, Plaintiff must allege that the harm would not have

26   occurred "but for" Defendant's breach of his duty.   In other

27   words, Plaintiff must allege facts which give rise to a

28   reasonable inference that he would have spent less time in jail

                                    5

1   if Defendant had been reasonably competent in representing him.

2       Plaintiff was in custody from January 2, 2014 until April

3   21, 2014, for a total of 110 days (Plaintiff's calculation of 91

4   days appears to be incorrect).  Compl. ¶¶ 26, 59.  Plaintiff's

5   release was the result of two discrete events.  First, on March

6   12, 2014, Plaintiff's retained counsel obtained a copy of the

7   exculpatory McCullough Report from the Tehama County District

8   Attorney's Office.  Compl. ¶¶ 54-55.  This led to the dismissal

9   of the three vehicle-related counts against Plaintiff, on March

10  17, 2014.  Compl. ¶ 56.  Second, on April 1, 2014, Plaintiff

11  "persuaded Sargeant Baulkin at the Tehama County Jail to look at

12  the booking video," which showed that Plaintiff was not wearing

13  the jacket which contained a "baggie of meth."  Compl. ¶ 58.

14  Approximately three weeks later, the remaining counts "related to

15  [the] booking of Plaintiff" were dismissed.  Compl. ¶ 59.

16      Plaintiff has alleged that he was represented by Defendant

17  Miller from January 6, 2014 until February 25, 2014 – roughly

18  seven weeks.  Compl. ¶¶ 41, 47.  During these seven weeks,

19  Plaintiff alleges that Defendant Miller "never once interviewed

20  Plaintiff to obtain Plaintiff's version of the facts nor

21  conducted any investigation."  Compl. ¶ 47.  The following

22  inferences can reasonably be drawn from Plaintiff's factual

23  allegations: (1) if Defendant Miller had interviewed his client

24  promptly, he would have learned that Plaintiff was not wearing

25  the jacket at booking; (2) Defendant Miller would have relayed

26  this information to the apparently-cooperative Sargeant Baulkin

27  (or another equally helpful corrections officer), and would have

28  been permitted to view the booking video; (3) the video would

1  have revealed that Plaintiff was not wearing the jacket at the

2  time of booking, and the booking-related charges would have been

3  dismissed well before April 21, 2014.  Thus, even if the

4  exculpatory McCullough Report did not surface until March 12,

5  2014, Plaintiff would still have been released on March 17, 2014,

6  when the only remaining counts – the three vehicle-related

7  charges – were dismissed.  Thus, Plaintiff's allegations are

8  sufficient to establish that Defendant Miller's failure to

9  interview Plaintiff could have plausibly caused Plaintiff to

10  spend more time in custody.

11      Defendant contends that Plaintiff "can only speculate that

12  the district attorney's office might have dropped the charges

13  sooner had a more aggressive defense been initiated during Mr.

14  Miller's short representation."  Mot. at 9.  However, in

15  considering a motion to dismiss, the Court "must . . . draw all

16  reasonable inferences in favor of the plaintiff."  Scheuer v.

17  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

18  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.

19  319, 322 (1972).  As noted above, Plaintiff's factual allegations

20  – and all favorable, reasonable inferences drawn from these

21  allegations – "plausibly suggest" that Plaintiff is entitled to

22  relief on his professional negligence and negligent infliction of

23  emotional distress claims.  Starr v. Baca, 652 F.3d 1202, 1216

24  (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882

25  (U.S. 2012).  It is far from speculation to infer that, had

26  Defendant promptly interviewed Plaintiff, the events leading to

27  Plaintiff's release would have unfolded exactly as they did in

28  reality, albeit much sooner.  As discussed above, this would have

1   ensured Plaintiff's release on March 17, 2014, as opposed to
2   April 21, 2014.

3       Given the liberal standard required to be applied by the
4   Court on a motion to dismiss, Plaintiff has sufficiently pleaded
5   the element of causation for both negligent infliction of
6   emotional distress and professional negligence.  As Defendant
7   Miller has only challenged Plaintiff's allegations with regard to
8   the element of causation, his motion to dismiss is DENIED.

9

10                      III.   ORDER
11      For the reasons set forth above, the Court DENIES Defendant
12  Miller's motion to dismiss:
13      IT IS SO ORDERED.
14  Dated: February 12, 2015
15                                  _____
16                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
17
18
19
20
21
22
23
24
25
26
27
28