ERIC A. BERG (#121195)
RYAN BIRSS (#296316)
CATHERINE BURNS (#88735)
Berg & Associates
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Telephone: (530) 223-5100
Facsimile: (530) 223-5200
E-Mail: cburns@bergslaw.com

**FILED**

AUG 2 8 2015

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

Attorneys for Plaintiff DREW GARDNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DREW GARDNER,

           Plaintiff,

v.

CALIFORNIA HIGHWAY PATROL, et al.,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number 2:14-CV-02730-JAM-CMK

THE PARTIES' STIPULATION FOR FILING OF A THIRD AMENDED COMPLAINT AND PROPOSED ORDER THEREON

Complaint Filed: 11-19-14

Trial Date: N/A

Counsel for Defendants CALIFORNIA HIGHWAY PATROL, CALIFORNIA HIGHWAY PATROL OFFICER J. J. FISHER, TEHAMA COUNTY SHERIFF'S DEPARTMENT, TEHAMA COUNTY SHERIFF'S DEPARTMENT DEPUTY INVESTIGATOR ED McCULLOUGH, and KENNETH MILLER ("Defendants"), and Plaintiff DREW GARDNER ("Plaintiff") hereby stipulate that Plaintiff may file a Third Amended Complaint due to errors in the Second Amended Complaint filed herein on August 7, 2015 (Document 46) and the fact that Plaintiff seeks to clarify the causes of

-1-
PARTIES' STIPULATION FOR FILING OF A THIRD AMENDED COMPLAINT AND PROPOSED ORDER THEREON--UNITED STATES DISTRICT COURT CASE NUMBER CV-14-02730-JAM

action. Good cause exists to grant Plaintiff's request for permission to file a Third Amended

Complaint

## PROCEDURAL HISTORY

1. On October 17, 2014, Plaintiff filed his Complaint for Damages in the Tehama County Superior Court and it was removed to this Court on November 19, 2014.

2. Defendants CALIFORNIA HIGHWAY PATROL and NEWMAN filed a motion to dismiss on December 1, 2014. Plaintiff entered into a stipulation with said Defendants that he would amend his complaint and they thereupon dismissed the motion.

3. Defendant KENNETH MILLER filed a Motion to Dismiss on December 15, 2014 and said motion was denied by this Court on February 13, 2015.

4. Defendant KENNETH MILLER filed an answer to the complaint on March 20, 2015.

5. Plaintiff filed and served a First Amended Complaint on March 30, 2015.

6. Defendants CALIFORNIA HIGHWAY PATROL and FISHER and Defendants TEHAMA COUNTY and McCULLOUGH filed motions to dismiss to be heard on June 3, 2015.

7. Those motions to dismiss were granted in part and denied in part per this Court's order of July 20, 2015.

8. On August 7, 2015 Plaintiff filed and served his Second Amended Complaint.

## ARGUMENT

Since the filing of the Second Amended Complaint, it has been brought to Plaintiff's attention that although Plaintiff no longer has any charging allegations against Defendant COUNTY OF TEHAMA, they erroneously remain on the caption, in some parts of the body of the complaint, and in the prayer.

Plaintiff also proposes to clarify the causes of action, including deleting two causes of action (the Second and Third causes of action) in the Second Amended Complaint and they relate to Defendant

-2-
PARTIES STIPULATION FOR THE FILING OF A THIRD AMENDED COMPLAINT AND PROPOSED ORDER
THEREON--UNITED STATES DISTRICT COURT CASE NUMBER CV-14-02730-JAM

1   J.J. FISHER only. Because Plaintiff is seeking to delete causes of action and delete a party defendant,

2   all Defendants are in agreement with Plaintiff filing the proposed Third Amended Complaint, a copy of

3   which is attached hereto as Exhibit "A" and incorporated herein by this reference.

4                                              **CONCLUSION**

5       The parties therefore respectfully request this Court permit Plaintiff to file his Third Amended

6   Complaint.

7

8   **Dated: August 26, 2015**                **BERG & ASSOCIATES**

9

10                                  **By:**   **/s/ Catherine Burns**
                                             **CATHERINE BURNS**
11                                           **Attorney for Plaintiff**

12

13  **Dated: August 26, 2015**

14

15                                  **By:**   **/s/ Gregory T. Fayard**
16                                           **GREGORY T. FAYARD**
                                             **Attorneys for Defendant**
17                                           **KENNETH MILLER**

18

19  **Dated:  August 27, 2015**      **By:**   **/s/ Catherine Woodbridge Guess**
                                             **CATHERINE WOODBRIDGE GUESS**
20                                           **Attorney for Defendants CALIFORNIA**
                                             **HIGHWAY PATROL, J. J. FISHER**
21

22

23  **Dated: August 27, 2015**       **By:**   **/s/ Anne L. Keck**
                                             **ANNE L. KECK**
24                                           **Attorneys for Defendants**
25                                           **COUNTY OF TEHAMA,**
                                             **ED McCULLOUGH**
26

27

28

─3─

PARTIES STIPULATION FOR THE FILING OF A THIRD AMENDED COMPLAINT AND PROPOSED ORDER
THEREON--UNITED STATES DISTRICT COURT CASE NUMBER CV-14-02730-JAM

[PROPOSED] ORDER

PURSUANT TO STIPULATION AND THE COURT FINDING GOOD CAUSE, IT IS HEREBY ORDERED that Plaintiff DREW GARDNER may file his Third Amended Complaint, a true and correct copy of which is attached to the parties Stipulation as Exhibit "A".

DATED: August 28, 2015

HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

PARTIES STIPULATION FOR THE FILING OF A THIRD AMENDED COMPLAINT AND PROPOSED ORDER THEREON--UNITED STATES DISTRICT COURT CASE NUMBER CV-14-02730-JAM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "A"

Eric Alan Berg [SBN 121195]
Ryan Birss [SBN 296316]
Catherine Burns [SBN 88735]
Law Offices of Berg & Associates, Inc.
5000 Bechelli Lane, Suite 201
Redding, CA 96002
(530) 223-5100
(530) 223-5200 (fax)

Attorneys for Plaintiff,
Drew Gardner

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DREW GARDNER,

Plaintiff,

vs.

CALIFORNIA HIGHWAY PATROL;
CALIFORNIA HIGHWAY PATROL
OFFICER J.J. FISHER; TEHAMA
COUNTY SHERIFF'S DEPARTMENT
DEPUTY INVESTIGATOR ED
McCULLOUGH; KENNETH MILLER,
AND DOES 1-50.

Defendants

NO. 2:14-CV-02730-JAM-CMK

(P R O P O S E D)
THIRD AMENDED COMPLAINT FOR
CIVIL RIGHTS VIOLATIONS OF THE
4th AND 14TH AMENDMENTS TO THE
US CONSTITUTION; INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS; NEGLIGENT
INFLICTION OF EMOTIONAL
DISTRESS; FALSE IMPRISONMENT;
PROFESSIONAL NEGLIGENCE;
MALICIOUS PROSECUTION; AND
FOR DAMAGES

Plaintiff DREW GARDNER, for this claim of relief and for causes of action against

Defendants above named states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for monetary damages for injuries sustained by Plaintiff, DREW

GARDNER, through the unlawful arrest, malicious prosecution, prolonged imprisonment, the use of excessive force, and for violations of Plaintiff's constitutional and civil rights by the California Highway Patrol; California Highway Patrol Officer J.J. Fischer (Id # 17070), and Tehama County Sheriff's Department Deputy Investigator, Ed McCullough (Id# 182) who at all times were on duty acting under color of law and in uniform. This illegal arrest, excessive use of force, planting of evidence, assault and battery, and other conduct of the Defendants above named, violated Plaintiff's federal and State civil rights and constitutes tortious behavior by and on behalf of all Defendants while acting under color of state law. This action also seeks monetary damages for injuries sustained by Plaintiff through the professional negligence and malpractice of Defendant KENNETH MILLER, Attorney at Law.

## THE PARTIES

2.    Defendant California Highway Patrol Officer J.J. Fischer (Id # 17070) was at all times material hereto a duly appointed and acting agent for the California Highway Patrol, acting both in his individual and official capacity.

3.    Defendant Tehama County Sheriff's Department Deputy Investigator Ed McCullough (Id # 182) was at all times alleged herein on duty and acting under color of law and in uniform as a peace officer for the Tehama County Sheriff's Office in his individual capacity.

4.    At all times material to the events complained of herein Plaintiff Drew Gardner was a resident of Tehama County, California.

5. Defendant California Highway Patrol is organized under the laws of the State of California and operates as the primary policing agency for the State of California.

6.    At all times material to the events complained of herein DOES 1-50 were agents of each of

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200

the other defendants named herein and were legally responsible in some manner for the supervision, direction, and training of Officer Fisher, Officer Newman and Deputy Investigator Ed McCullough and for the acts complained of herein.

7.    The true names and capacities whether individual corporate or associate or otherwise of the defendants named herein as DOES 1-50 inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure §474.  Plaintiff will amend this complaint to show their true names and capacities when the same has been ascertained.  Plaintiff is informed and believes, and based on such information and belief, alleges that all Defendants sued herein as DOES 1-50 are in some manner responsible for the acts herein alleged and the damage sustained.

8.    At all times herein mentioned Defendant, J. J. FISHER was the agent and/or employee of Defendant CALIFORNIA HIGHWAY PATROL and in doing the things mentioned herein wAS acting within the scope of said agency and/or employment.

9.  Defendant KENNETH MILLER, a resident of Tehama County, California, served as Plaintiff's criminal defense attorney for the charges stemming from the events alleged herein for approximately one month.

## JURISDICTION

10.    Plaintiff, Drew Gardner brings this action pursuant to 42 U.S.C. §1983, 1988 and the Fourth and Fourteenth amendments of the United States Constitution and under various State causes of action as alleged herein.

11.    At all times material hereto Defendants, with the exception of Defendant KENNETH MILLER, and each of them were acting under color of state law.

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

12.    On or about July 7, 2014, Plaintiff filed a "CLAIM FOR DAMAGES TO PERSONS OR PROPERTY" with the Tehama County Board of Supervisors pursuant to Government Code §910, 911.2 et seq.   The County of Tehama denied the claim on July 29, 2014.

13.    On or about July 7, 2014, Plaintiff filed a "CLAIM FOR DAMAGES TO PERSONS OR PROPERTY" with the Tehama County Sheriff's department pursuant to Government Code §910, 911.2 et seq.   The claim was denied on or about June 5, 2014.

14. On or about May 6, 2014 Plaintiff filed a claim with the California Highway Patrol.   The California Highway Patrol has yet to respond to the claim and it is deemed rejected by operation of law.

## FACTUAL ALLEGATIONS

### January 2, 2014

15. On January 2, 2014 at approximately 11:35 am, the Shasta County Sheriff's Office received a report of a stolen Jeep Wrangler taken from a vacation home in Old Station, California.   A report #14-170 was made by Shasta County Sheriff J. Meeker and he thereupon put out a "be on the lookout for" (BOLO) for the vehicle.

16. At that time, the Jeep Wrangler was in the possession of and being driven by Charles Jacob Steele west on Jelly's Ferry Road in Red Bluff, Tehama County, California.   Plaintiff DREW GARDNER was a passenger in that stolen Jeep Wrangler and totally unaware that it had been stolen.

17. California Highway Patrol Officer Fischer received the BOLO for the white Jeep Wrangler. He passed the Jeep while driving east.   Charles Jacob Steele, the driver of the Jeep and person responsible for its theft, panicked when he saw Fischer; took the vehicle off road off Rolling

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; A INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

1
2   Hills Road; told Plaintiff that he was running; and advised that Plaintiff do the same. Mr. Steele
3   and Plaintiff left the vehicle on foot.

4   18.   Thereafter, Officer Fischer located Plaintiff, who was sitting on a dirt bank waiting for a
5   ride, approached him,  pointed his gun at him, handcuffed him and put him in the backseat of
6   the patrol car.

7   19.  As a result of the above incident, Officer Fischer authored Department of California
8   Highway Patrol Report # 201400002.  In said report, Office Fischer stated Plaintiff Drew
9
10  Gardner refused to do field sobriety tests and refused a PAS test. Plaintiff Drew Gardner was
11  never asked to do field sobriety tests.  Plaintiff Drew Gardner was never offered or refused a
12  PAS test.  Officer Fischer lied in this report.

13  20. In said report, Office Fischer stated Plaintiff Drew Gardner had in his possession a dog leash
14  around his neck. This item around Plaintiff's neck was not a leash but was in fact a custom made
15  $40 black and white lanyard, owned by Plaintiff for years. Officer Fischer lied in his report.
16
17  21. In said report, Office Fischer states "it was discovered the subject had a concealed hunting
18  knife under his coat." Plaintiff Drew Gardner was not wearing a coat. Plaintiff Drew Gardner
19  told Officer Fischer about the knife and it was in plain view. Officer Fischer lied in his report.
20  22. In said report, Office Fischer claims he saw Plaintiff Drew Gardner driving the Jeep. Drew
21  Gardner was the passenger and never the driver of the Jeep. Officer Fischer lied in his report.
22
23  23. In said report, Office Fischer claims that the burglary victim told CHP Officer Newman that
24  the lanyard Plaintiff was wearing was the leash taken in the burglary.  According to the Shasta
25  County Report #14-170, the leash taken from Mr. Greenberg's home was a camouflage design
26  and had a value of $1.00. Officer Fischer lied.
27

28  THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION;
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT;
    PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

A. LAW CORPORATION ASSOCIATES
5000 Bechelli Lane, Suite 201   Redding, CA 96002
Phone: 530.223.5100   Fax: 530.223.5200.

24. In said report, Officer Fischer claims he saw a white heavily clothed male driving the Jeep. He failed to mention he saw two people in the Jeep. Plaintiff Drew Gardner was not driving the Jeep and was not heavily clothed. Officer Fischer lied in his report.

25. Plaintiff Drew Gardner was then transported to Tehama County Jail. In the same report, Officer Fischer claims "a small clear baggie with a white crystalline substance was discovered on Gardner in a pocket of a pair of shorts under his pants." This is false. The baggie was found in the pocket of a jacket not belonging to Plaintiff. This was captured by the jail booking video. Officer Fischer lied in his report.

26. In the same report, Officer Fischer claims Plaintiff stated he did not have anything hid on him. Plaintiff Drew Gardner was telling the truth. Officer Fischer carried the jacket containing the small clear baggie into the jail. This was captured by the jail booking video. Officer Fischer lied in his report.

27. In that same report, Officer Fischer's "Analysis and Opinions" were that Plaintiff Gardner was in violation of California Vehicle Code section 10851(a), Penal Code section 496(d), Health and Safety Code section 11377, Penal Code section 4573, Penal Code section 21310 and Vehicle Code section 23152(a). Officer Fischer's "Analysis and Opinions" were based on his own fabrications and lies as detailed above.

28. Officer Fischer filled out a Probable Cause Declaration in Report # F-003-130-14. Officer Fischer signed it under the penalty of perjury. Officer Fischer lied and committed perjury.

### January 3, 2014

29. On January 3, 2014, Tehama County Sheriff's Department Deputy Investigator, Ed McCullough was contacted by the Shasta County Sheriff's Office in Redding, CA and asked to

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

conduct a follow-up investigation. His report is described as #140103035.

30. The Shasta County Sheriff's Office faxed Investigator McCullough a copy of Shasta County Sheriff's Office Report, Case #14-170 and requested that he interview Plaintiff DREW GARDNER in Tehama County Jail.

31. Investigator McCullough interviewed Plaintiff on January 3, 2014.  Plaintiff told him he had been offered a ride by someone (Charles Jacob Steele) he had just met at a mutual friend's house so he could retrieve his trailer which had broken down earlier that day.  Plaintiff described the unknown person as a white male adult, approximately 6'2"-6'3" and possibly in his thirties.

32. Plaintiff DREW GARDNER alerted Investigator McCullough that on the way to retrieve the trailer, he and Mr. Steele stopped at the Red Bluff Dodge where Charles Jacob Steele had looked at and spoke with a salesman about purchasing a vehicle.

33. Plaintiff additionally alerted Investigator McCullough that on the way to retrieve the trailer, he and Charles Jacob Steele stopped at the Adobe Road Chevron fueling station.  Plaintiff then went on to explain he was not the driver and described the situation that had occurred. The interview then ended.

34. According to his own report #140103035, McCullough then went to the Adobe Road Chevron station but was unsuccessful in obtaining video surveillance. He thereupon went to Red Bluff Dodge where he contacted salesperson Henry McDonald, who told Investigator McCullough he had in fact seen a white Jeep Wrangler at the business on January 2, 2014.  McDonald also told Investigator McCullough he recalled two white males in the vehicle. One of the males was significantly taller then the other and estimated the height to be approximately

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS TO THE US CONSTITUTION;-7- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

MILNER ALLEN LAW CORPORATION ASSOCIATES
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100    Fax: 530.223.5200.

6'2"-6'3". The taller man provided Mr. McDonald an offer sheet for a Dodge diesel pickup truck. The offer sheet listed the name Charles Jacob Steele with an address of 16100 Evergreen Road, Cottonwood, CA along with a phone number.

35. Investigator McCullough returned to Tehama County Jail to complete a photographic line-up containing six pictures, including Plaintiff's. He returned to Red Bluff Dodge, admonished Mr. McDonald, and showed him the pictures. After roughly ten seconds, McDonald positively identified Plaintiff as being the passenger in the Jeep.

36. At this point in time, Investigator McCullough had verification from a percipient witness at Red Bluff Dodge that Plaintiff was not the driver of the Jeep. This was confirmed in an interview with that witness and a photographic line-up. He also had information as to the identity of the true driver of the Jeep. Despite this knowledge, McCullough failed to alert anyone at the Tehama District Attorney's office, the Tehama County Jail, or the Shasta County Sheriff's Department that Plaintiff Drew Gardner was the passenger of the stolen vehicle and not the driver; that another person was driving the Jeep; and that this information was documented and confirmed by McCullough's investigation and an independent witness. McCullough knew Plaintiff was erroneously in custody awaiting arraignment on crimes related to the home burglary and stolen Jeep Wrangler and that it was highly likely Plaintiff was innocent of these charges, yet he did nothing to bring this compelling exculpatory evidence to the prosecutor.

37. Moreover, Investigator McCullough failed to alert anyone that he had found a new suspect in Charles Jacob Steele. McCullough did not attempt to follow up on his new lead despite information he had obtained of the the name and address of the Jeep's driver.

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200.

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

1
2

## January 6, 2014

3
4
5

38. On January 6, 2014, the Tehama County District Attorney's Office filed Complaint No. NCR 89397 against Plaintiff Drew Gardner. The basis of the complaint was Officer Fischer's report #201400002 and referenced above in paragraphs 21-30.

6
7
8
9
10
11
12

39. The complaint alleged that Plaintiff violated Penal Code section 4573(a) (bring contraband into the jail), Vehicle Code section 10851(a) (unlawful driving or taking of a vehicle), Penal Code section 496d(a) (receiving stolen property, motor vehicle), Penal Code section 21310 (carrying a dirk or dagger), Health and Safety Code section 11377(a) (possession of a controlled substance), and Vehicle Code section 23152(a) (driving under the influence). Counts I-V included an enhancement pursuant to Penal Code section 1170.12(a)-(d)(one prior strike).

13
14
15
16
17
18
19
20
21

40. At the time of arraignment, Plaintiff Drew Gardner's maximum exposure was 12 years or more. Count I (PC 4573(a)) carried a range of 2, 3, or 4 years doubled to 4, 6, or 8 years. Count II (VC10851(a)) carried a range of 16 months, 2, or 3 years doubled to 32 months, 4, or 6 years. Count III (PC496d(a)): carried a range of 16 Months, 2, or 3 years doubled to 32 months, 4, or 6 years. Count IV (PC21310) carried a range of 16 months, 2, or 3 years doubled to 32 months, 4, or 6 years. Count V (HS11377(a)) carried a range of 16 months, 2, or 3 years doubled to 32 months, 4, or 6 years. Count VI (VC 23152(a)) carried a range up to 6 months.

22
23

41. Plaintiff Drew Gardner was appointed contract public defender KENNETH MILLER and his bail was set at $315,000.

24

## January 8, 2014

25
26
27

42. On January 8, 2014, Investigator McCullough resumed his investigation. He returned to the Adobe Road Chevron station and viewed the video surveillance from January 2, 2014. He

28

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200

noticed that at approximately 2:35 pm, a white Jeep Wrangler drove to the fuel pumps. In his report #140103035, he describes two white male adults exiting the vehicle and identifies the passenger as Plaintiff DREW GARDNER. After making a purchase inside, the unknown male subject got into the driver's seat and Plaintiff got into the passenger seat.

43. Investigator McCullough obtained the video surveillance footage on a thumb drive. He re-contacted the Shasta County Sheriff's Office and advised an unnamed Shasta County Sheriff's deputy that a report would be forthcoming. Plaintiff is informed and believes and thereon alleges that a report was not sent or was not sent in a reasonable and timely manner.

44. In report #140103035, Investigator McCullough refers to this second person as an "unknown male subject" despite the fact a few days before, he was provided the name of the person driving the white Jeep Wrangler: Charles Jacob Steele.

45. Although Investigator McCullough was able to see with his own eyes that Plaintiff was not the driver of the Jeep on the day in question, he still did nothing to alert anyone at the Tehama District Attorney's office, the Tehama County Jail, or the Shasta County Sheriff's Department of his discovery that Plaintiff Drew Gardner was the passenger and not the driver of the stolen vehicle or that Plaintiff's version of the events had been corroborated by McCullough.

## January 9, 2014 - February 6, 2014

46. During this time period, Plaintiff DREW GARDNER filled out at least three requests to meet with Investigator McCullough and Investigator McCullough never responded. During this time period, Plaintiff's mother called Investigator McCullough at least six times and he never responded. Thus, Investigator McCullough was put on further notice that Plaintiff continued to languish in the Tehama County Jail and yet did nothing.

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

ASSOCIATES
A. LAW CORPORATION
5000 Bechelli Lane, Suite 201, Redding, CA 96002
Phone: 530.223.5100   Fax: 530.223.5200

47. Contract public defender KENNETH MILLER (who is also a former Tehama County District Attorney candidate and a retired California Highway Patrol officer) never once interviewed Plaintiff to obtain Plaintiff's version of the facts nor conducted any investigation. His only action on the case was to waive Plaintiff's right to a preliminary hearing and to advise Plaintiff to plead guilty to a plea bargain that would have sent Plaintiff to State prison for eight years. Plaintiff proceeded to fire his public defender KENNETH MILLER on approximately February 25, 2014.

48. During this time period, Investigator McCullough's report, which exonerated Plaintiff Drew Gardner on three of the charges, failed to make its way to the Tehama County District Attorney's office and Investigator McCullough failed to bring to the attention of the prosecutor or any authority competent to act on the information.

### February 7, 2014- March 11, 2014

49. On February 7, 2014 Plaintiff's mother retained Berg and Associates to represent Plaintiff DREW GARDNER. Senior Investigator Doug Manning of Berg and Associates began his investigation by speaking with Plaintiff who gave him roughly the same information he told Deputy McCullough regarding the stops made at the dealership and convenience store made on the date in question.

50. On February 26, 2014, Senior Investigator Doug Manning interviewed Navy Patel, the manager at the Adobe Mini Mart on Main Street in Red Bluff. When Doug Manning began speaking with Mr. Patel, Mr. Patel asked him if this was regarding the stolen Jeep. Mr. Patel indicated a detective from the Tehama County Sheriff's Department had previously been in to the store and he had personally given the video surveillance tape to that detective. Mr. Patel

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

indicated he believes it was early January when that occurred.

51. On February 27, 2014, Investigator Doug Manning interviewed Hank McDonald at Red Bluff Dodge. Mr. McDonald stated it was either the next day or the day after when a detective from the Tehama County Sheriff's office had come into the dealership and interviewed him and ultimately produced a photo line-up. Mr. McDonald indicated he was able to pick out a photo of the shorter of the two individuals. He indicated the detective said or implied that the shorter of the two individuals and/or the person he just picked out of the photo line-up was the person they had in custody.

52. Mr. McDonald stated there was no question the detective was well aware that there were two people in that Jeep and the person he picked out of the photo line-up was the passenger and not the driver. He indicated that up until the February 27, 2014 conversation with Doug Manning, Mr. McDonald had no other contact by law enforcement regarding the identity of the taller of the two individuals and or the driver of that Jeep.

53. Additionally, Mr. McDonald indicated to Doug Manning that he had asked the taller of the two people and the one who was driving the Jeep if he had planned on trading in the Jeep on the Ram and he responded with words to the effect of "oh no way. I love this Jeep. I've had it forever."

## March 12, 2014

54. On March 12, 2014, attorney Marc Pelta of Berg and Associates sent a letter with the results of Doug Manning's investigation along with a booking picture of Charles Jacob Steele to Greg Cohen, the Tehama County District Attorney.

55. On that same day, over two months after Deputy McCullough's investigation report had

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

A. LAW CORPORATION
5000 Beohelll Lane, Suite 201   Redding, CA 96002
Phone: 530.223.5100   Fax: 530.223.5200.

been completed, the Tehama County District Attorney's office provided Plaintiff Drew Gardner and his defense counsel Tehama County Sheriff Office report #140103035.

## March 17, 2014

56. On March 17, 2014, Plaintiff Drew Gardner was on calender for a bail reduction motion. The district attorney's office dismissed Counts II (Vehicle Code section 10851(a) (unlawful driving or taking of a vehicle)), Count III (Penal Code section 496d(a) (receiving stolen property, motor vehicle)), and Count VI (Vehicle Code section 23152(a) - driving under the influence).

57. Despite the three dismissals, Plaintiff Drew Gardner's bail remained at $315,000.

## April 1, 2014

58. Plaintiff Drew Gardner persuaded Sargeant Baulkin at the Tehama County Jail to look at the booking video. The Sargeant reported back to Plaintiff Drew Gardner that the video clearly shows Plaintiff Drew Gardner was not wearing the jacket, Officer Fischer was carrying the jacket, and the booking officer found the baggie of meth in the jacket pocket. In Officer Fischer's report, he takes credit for finding the baggie of meth.

## April 3 and 21, 2014

59. On April 3, 2014, Plaintiff Drew Gardner was released from the Tehama County Jail after spending ninety-one days in custody and on April 21, 2014, the remaining counts related to Officer Fischer's booking of Plaintiff Drew Gardner were dismissed.

60. Throughout these 91 days, Drew Gardner suffered severe emotional distress and mental anguish including fright, grief, shame, humiliation, nervousness, anxiety, embarassment, worry, and other indignities.

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §1983
### FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION FOR DEPRIVATION OF LIBERTY
(as to Defendants FISHER and McCULLOUGH)

61.   Plaintiff incorporates by reference herein paragraphs 1-60 as though fully set forth herein.

62.   After Plaintiff's arrest and charges of several crimes filed against him, Defendants FISHER and McCULLOUGH were required by the Fourteenth Amendment to the United States Constitution to disclose all information and evidence in their possession which tended to show that Plaintiff did not commit the crime to the prosecutor or authorities competent to act on the information.  They are compelled by the U.S. Constitution to disclose exculpatory information and withholding and/or concealing exculpatory information violated Plaintiff's right not to be deprived of liberty without due process of law.  Plaintiff had a constitutional right to be free from continued pretrial detention after it was or should have been known that he was entitled to release.  This right to be free from continued pretrial detention after it is known that the detention is unjustified, is clearly established by the law.

63. The information and evidence that was not disclosed by said Defendant was favorable to Plaintiff, strongly indicative of his innocence, material to his guilt or innocence, and there was a reasonable probability that its disclosure was potentially dispositive, and indeed proved dispositive.

64.  Defendants, and each of them, acted (a) with deliberate indifference (in other words, they made a conscious choice to disregard the consequences of their acts or omissions; or they acted (b) with a reckless disregard for Plaintiff's rights and the truth, either by a complete indifference to his rights or acting in the face of a perceived risk that their actions would violate Plaintiff's

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200.

1
2
rights under federal law.

3
4
5
65. By the actions described above, Defendants, and each of them, both acting under a color of state law, violated and deprived Plaintiff of his clearly established and well settled right to liberty.

6
7
8
9
10
11
66. As a direct and proximate result of the actions or omissions of these Defendants, and each of them, Plaintiff, DREW GARDNER has suffered severe psychological and emotional injuries, was forced to endure great discomfort and mental suffering, was deprived of his physical liberty and was forced to incur medical and legal expenses and was damaged in an amount exceeding the minimum jurisdictional limits of this Court.

12
13
14
15
67. In addition to monetary damages for the injuries described in Paragraph 65, Plaintiff, DREW GARDNER is entitled to recover his reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

16
17
**SECOND CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(as to Defendant CALIFORNIA HIGHWAY PATROL, FISHER)

18
19
20
68. Plaintiff, GARDNER incorporates by reference paragraphs 1-67 as though fully set forth herein.

21
22
23
24
25
26
69. Defendant, FISCHER, while in the course and scope of his employment with Defendant CALIFORNIA HIGHWAY PATROL, intentionally inflicted and caused emotional distress to Plaintiff by conduct that was extreme and outrageous, including creating false information in an attempt to justify his search of the Plaintiff's vehicle in the connection with the traffic stop identified above.

27
28

A. LAW CORPORATION
5000 Beehelll Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100  Fax: 530.223.5200

70. Failing to acknowledge his police report was false, Defendant, FISCHER falsely claimed that Plainitiff brought drugs into the jail and had a concealed knife. Such conduct is outrageous and is not to be tolerated in a civilized society.

71. As a direct and proximate result of this intentional infliction of emotional distress, Plaintiff, has suffered from emotional injury, severe emotional distress and anguish, as detailed above, and has suffered damages in an amount exceeding the minimum jurisdictional limits of this Court.

72. At all times herein mentioned, California Government Code Section 815.2(a) provided: "A public entity is liable for injury proximately caused.by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Defendant CALIFORNIA HIGHWAY PATROL is therefore vicariously liable for the acts and/or omissions of Defendant FISHER as herein alleged.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(as to Defendants FISHER, MILLER)

73. Plaintiff, incorporates by reference herein paragraphs 1-72 as so fully set forth herein.

74. Defendants and each of them, negligently inflicted emotional distress upon Plaintiff by the conduct described herein and the unjustifiable arrest and deprivation of his constitutional rights as hereinbefore set forth. This resulted in Plaintiff's arrest and having to face criminal charges and allegations that were based upon false information provided to the District Attorney's office. At the very least, Defendants and each of them had a duty to act within the parameters of the

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT, PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

United Stated Constitution, the police procedures of the CALIFORNIA HIGHWAY PATROL and the TEHAMA COUNTY SHERIFF'S OFFICE, the California Rules of Professional Conduct and the <u>Business & Professions</u> Code,and the substantive and procedural law of the State of California.

75. As to Defendant KENNETH MILLER, he negligently inflicted emotional distress upon Plaintiff by failing to ascertain Plaintiff's version of the events, failing to investigate Plaintiff's version, and instead, advising him to enter a plea that would result in eight years in State prison without any semblance of.an investigation at all.

76.  The failure of the Defendants and each of them to comply with the above requirements was a substantial factor in causing Plaintiff severe emotional distress and damages as herein set forth.

## FOURTH CAUSE OF ACTION
### FALSE ARREST AND IMPRISONMENT·
(as to Defendants CALIFORNIA HIGHWAY PATROL, FISHER

77.  Plaintiff incorporates by reference herein paragraphs 1-76 as though fully set forth herein.

78.  Defendant FISHER, acting within the course and scope of his employment with Defendant CALIFORNIA HIGHWAY PATROL, intentionally falsely arrested and caused the imprisonment of Plaintiff , which proximately caused the filing of a criminal complaint against him charging allegations that were based upon false information and ultimately, a lengthy jail detention.

·79. Plaintiff was wrongfully restrained, confined, and detained by Defendant FISHER.

80. Defendant FISHER intentionally deprived Plaintiff of his freedom of movement by use of

force, threats of force, menace, fraud, deceit, and unreasonable duress.

81. The restraint, confinement, and detention compelled Plaintiff to stay for some appreciable time, to wit, 91 days in custody.

82. Plaintiff did not knowingly or voluntarily consent at any time.

83. Plaintiff was actually harmed by the false imprisonment.

84. The wrongful restraint, arrest. confinement and detention at the hands of Defendant FISHER was a substantial factor in causing Plaintiff being falsely imprisoned and harmed.

85. At all times herein mentioned, California Government Code Section 815.2(a) provided: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Defendant CALIFORNIA HIGHWAY PATROL is therefore vicariously liable for the acts and/or omissions of Defendant FISHER as herein alleged.

## FIFTH CAUSE OF ACTION
### PROFESSIONAL NEGLIGENCE
(as to Defendant KENNETH MILLER)

86. Plaintiff repeats, repleads, and realleges all of the allegations of Paragraphs 1 through 85 herein as though fully set forth.

87. Defendant KENNETH MILLER, by accepting employment pursuant to the contract he entered into with Plaintiff, and Defendant ; County of Tehama, had a duty to perform his duties and obligations with such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks they undertake.

88. During his representation of Plaintiff, Defendant KENNETH MILLER failed to perform his

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT, PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

A. LAW CORPORATION
5000 Bechelli Lane, Suite 203
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200.

duties and obligations to Plaintiff with the skill, expertise, knowledge and capacity required of him as detailed above, in that, among other things, he failed to interview Plaintiff and ascertain his version of events and failed to conduct any investigation whatsoever into the charges against Plaintiff or the facts surrounding those charges. Instead, he advised Plaintiff to plead guilty to crimes he did not commit and to face an eight-year prison term. Had said Defendant interviewed Plaintiff promptly and ascertained the true facts, the events leading to Plaintiff's ultimate release from custody would have unfolded exactly as they did in reality, but much sooner.

89. As a proximate result of this Defendant's negligence and failure to act as a lawyer or ordinary skill and capacity, Plaintiff was subjected to additional confinement in the County jail.

90. As a proximate result of said Defendant's professional negligence, Plaintiff incurred specific and monetary damages in the sum of $15,000.00 for the cost of obtaining substitute legal counsel to effectively represent him and counter the criminal charges that were wrongfully filed against him and to secure his release from confinement.

91. As a further proximate result of the negligence of said Defendant, Plaintiff was unlawfully confined to jail for an extended length of time and has sustained severe mental anguish and emotional distress and worry in a sum well in excess of the minimum jurisdictional requirements of this Court.

**SIXTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
(as to Defendants FISHER, CALIFORNIA HIGHWAY PATROL)

92. Plaintiff incorporates by reference herein paragraphs 1-91 as though fully set forth herein.

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT, PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200

93. At all times herein mentioned, Defendant FISHER, acting in the course and scope of his employment with Defendant CALIFORNIA HIGHWAY PATROL, caused Plaintiff to be prosecuted.

94. At all times herein mentioned, Defendant FISHER, in causing Plaintiff to be prosecuted, acted with malice and without probable cause as fully detailed above.

95. At all times herein mentioned, Defendant FISHER, in causing Plaintiff to be prosecuted, did so for the purpose of violating Plaintiff's constitutional rights.

96. The criminal proceeding that ensued as a result of Defendant FISHER causing Plaintiff to be prosecuted terminated in Plaintiff's favor.

97. As a direct and proximate result of the actions or omissions of these Defendants, and each of them, Plaintiff, DREW GARDNER has suffered severe psychological and emotional injuries, was forced to endure great discomfort and mental suffering, was deprived of his physical liberty, and was forced to incur medical and legal expenses and was damaged in an amount exceeding the minimum jurisdictional limits of this Court.

98. At all times herein mentioned, California Government Code Section 815.2(a) provided: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Defendant CALIFORNIA HIGHWAY PATROL is therefore vicariously liable for the acts and/or omissions of Defendant FISHER as herein alleged.

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201
Redding, CA 96002
Phone: 530.223.5100
Fax: 530.223.5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A. LAW CORPORATION
5000 Bechelli Lane, Suite 201    Redding, CA 96002
Phone: 530.223.5100    Fax: 530.223.5200.

### SEVENTH CAUSE OF ACTION
### 42 U.S.C. Section 1983
### FOURTH AMENDMENT VIOLATION FOR UNLAWFUL ARREST
(as to Defendant FISHER)

99.  Plaintiff incorporates by reference herein paragraphs 1-98 as though fully set forth herein

100.  By the actions described herein, Defendant FISHER, acting under color of State law, violated and deprived Plaintiff of his clearly established and well settled right to be free from unreasonable search and seizure by arresting Plaintiff without probable cause to arrest.

101.  Said Defendant subjected Plaintiff to a deprivation of that well established right because he did not have sufficient facts which would cause a reasonable person to believe a crime had been committed.  In fact said Defendant supported his arrest of Plaintiff by false and misleading evidence, misrepresentations, and outright lies.  FISHER's "probable cause" for arresting Plaintiff was founded on fabrication and deceit and nothing more.

102.  As a direct and proximate result of the actions or omissions of this Defendant, Plaintiff suffered severe psychological and emotional injuries, was forced to endure great stress and mental suffering, was deprived of his physical liberty, was forced to incur medical and legal expenses, and was damaged in an amount exceeding the minimum jurisdictional limits of this Court.

103.  Plaintiff is entitled to recovery of his reasonable attorneys' fees under 42 U.S.C. Section 1988.

    **WHEREFORE**, Plaintiff prays for judgment against the Defendants and each of them

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES

as follows:

1.  For compensatory damages against Officer FISCHER and the CALIFORNIA HIGHWAY PATROL in an amount of excess of the minimum jurisdictional requirements of this Court and according to proof together with reasonable attorneys fees, costs and disbursements and prejudgment interest.

2.  For compensatory damages against TEHAMA COUNTY DEPUTY McCULLOUGH, in an amount of excess of the minimum jurisdictional requirements of this Court and according to proof together with reasonable.attorneys fees, costs and disbursements and prejudgment interest.

3. For special damages against KENNETH MILLER in the sum of $15,000.00.

4. For compensatory damages against KENNETH MILLER in an amount in excess of the minimum jurisdictional requirements of this Court.

5  For all special damages according to proof.

6.  For attorneys fee pursuant to 42 U.S.C. §1988 on the first and seventh causes of action.

7.  For an award of costs in this action including reasonable attorneys fees to be determined in a post-trial motion.

8.  For punitive damages pursuant to California Civil Code §3294 and 3295 in an amount in excess of this Court's minimum jurisdictional requirements.

9.  For such other and further relief as this court may deem just and fare in the premises.

DATED: August 26, 2015

/s/ Catherine Burns
CATHERINE BURNS, Attorney for Plaintiff

THIRD AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS TO THE US CONSTITUTION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT, PROFESSIONAL NEGLIGENCE; MALICIOUS PROSECUTION AND FOR DAMAGES