UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW GARDNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL;<br>CALIFORNIA HIGHWAY PATROL<br>OFFICER J.J. FISCHER; TEHAMA<br>COUNTY SHERIFF'S DEPARTMENT;<br>TEHAMA COUNTY SHERIFF'S<br>DEPARTMENT DEPUTY<br>INVESTIGATOR ED McCULLOUGH;<br>KENNETH MILLER; and DOES<br>1 - 50,<br><br>　　　　Defendants. | No.  2:14-cv-02730 JAM-CMK<br><br>**ORDER DENYING DEFENDANT ED MCCULLOUGH'S MOTION FOR SUMMARY JUDGMENT** |

　　　Defendant Tehama County Sheriff's Department Deputy Investigator Ed McCullough ("McCullough") filed a Motion for Reconsideration or, in the Alternative, a Motion for Summary Judgment (Doc. #58) ("the current Motion").[1]  The Court has denied McCullough's request for reconsideration and now turns to his alternative request for summary judgment in his favor.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

I.   FACTUAL AND PROCEDURAL BACKGROUND

In support of the current motion, McCullough submitted a Statement of Undisputed Facts (Doc. #58-1) to which Plaintiff responded (Doc. #60).  Many of the underlying facts submitted by McCullough are in fact undisputed.  Plaintiff submitted a Separate Statement of Disputed Material Facts (Doc. #61) to which McCullough responded (Doc. #65-1).  McCullough does not dispute five of the facts submitted by Plaintiff, and although he does dispute the remaining facts, he acknowledges that the Court must take them as true for the purposes of the current motion. McCullough urges the Court to disregard those facts as immaterial to the Fourteenth Amendment claim at issue in the current motion. Below is a brief summary of the *relevant* facts that the Court takes as true for the purposes of the current motion only.

On January 2, 2014, Plaintiff was riding as a passenger in a Jeep Wrangler that had been reported stolen.  California Highway Patrol ("CHP") Officer J.J. Fischer ("Fischer") apprehended Plaintiff and took him into custody.  Soon thereafter, Plaintiff was booked into Tehama County Jail ("the Jail").

Following Plaintiff's arrest, Fischer wrote a Patrol Report. In his report, Fischer wrote that, during Plaintiff's booking, he had confiscated a "clear white baggie with a white crystalline substance" – which tested positive for methamphetamine – from Plaintiff's jacket, as well as a concealed hunting knife. Plaintiff alleges that neither of these statements was true. Plaintiff was charged with (1) unlawful driving or taking of a vehicle; (2) receiving stolen property – motor vehicle;

1  (3) driving under the influence; (4) bringing contraband into the
2  jail; (5) possession of a controlled substance; and (6) carrying
3  a dirk or dagger.  Plaintiff was arraigned on these charges, and
4  the Court ordered him detained on $315,000 bail.
5  On January 3, 2014, the Shasta County Sheriff's Office
6  ("Shasta SO") requested an "agency assist" from the Tehama County
7  Sherriff's Office ("Tehama SO") regarding the incident.
8  McCullough was tasked with conducting an investigation of this
9  incident.  McCullough interviewed Plaintiff at the Jail.
10 Plaintiff provided McCullough with a number of leads, and
11 McCullough told Plaintiff that he would report back on his
12 findings and adjust the criminal charges against Plaintiff if
13 warranted.  As a result of his subsequent investigation,
14 McCullough discovered evidence exculpating Plaintiff of the
15 charges related to the theft and driving of the Jeep Wrangler
16 ("the vehicle charges").
17 Upon discovering the exculpatory evidence, McCullough
18 attempted to contact the point person at the Shasta SO, Deputy
19 Meeker ("Meeker"), but was told Meeker was not on duty.  On
20 January 9th or 10th, McCullough wrote an investigation report
21 summarizing his findings ("the Report").  McCullough forwarded
22 the Report to the "assigned Sergeant" for approval.  On January
23 21, McCullough discovered that the Sergeant had not yet approved
24 or finalized the Report and immediately requested and received
25 such approval.  McCullough delivered the evidence and the Report
26 to a detective at the Shasta SO later that day.  McCullough was
27 told the evidence and the Report would be forwarded to Meeker.
28 ///

3

1   During this time and while still detained at the Jail,
2 Plaintiff made repeated attempts to contact McCullough, through
3 written requests for interviews and phone calls.  Plaintiff
4 submitted his third written request directly to an officer at the
5 Jail who told him he would either personally hand it to
6 McCullough or put it directly into McCullough's box.  Plaintiff
7 also enlisted his mother, who attempted to reach McCullough on
8 her own and left numerous voicemails for him.  McCullough never
9 responded to either Plaintiff or his mother.
10   On March 12, Tehama County Deputy District Attorney James
11 Waugh ("the District Attorney") called McCullough regarding
12 Plaintiff's case.  The District Attorney had not received the
13 Report up to that point.  McCullough delivered a copy of the
14 Report later that day.  On March 17, the District Attorney
15 dismissed the vehicle charges.  On April 3, after additional
16 exculpatory evidence regarding the remaining charges was
17 discovered by an official at the Jail at the urging of Plaintiff,
18 Plaintiff was released.
19   On March 30, 2015, Plaintiff filed the First Amended
20 Complaint ("FAC") (Doc. #33) alleging fourteen causes of action
21 against various defendants.  Included therein, and relevant here,
22 was a claim brought pursuant to 42 U.S.C. § 1983 ("§1983")
23 alleging McCullough violated Plaintiff's Fourteenth Amendment due
24 process rights.  McCullough brought a motion to dismiss (Doc.
25 #36) the claims brought against him in the FAC.  The Court
26 granted in part and denied in part (Doc. #45) McCullough's
27 motion.  Relevant here, the Court found Plaintiff adequately
28 stated a claim for violation of his substantive due process

4

rights under §1983 against McCullough and that McCullough was not entitled to qualified immunity on the claim.  The Court granted the motion without leave to amend as to Plaintiff's claim that his *procedural* due process rights were also violated.

The Third Amended Complaint ("TAC") (Doc. #52) was subsequently filed and included the same substantive due process claim against McCullough, among others.[2]  McCullough brought the current motion first requesting the Court to reconsider its Order denying the Motion to Dismiss the substantive due process claim on qualified immunity grounds.  The Court found there was not good cause for reconsidering its previous Order and denied that portion of the current motion (Doc. #70).  The Court now takes up the remaining portion of the current motion in which McCullough seeks summary judgment in his favor on the first cause of action in the TAC for violation of Plaintiff's substantive due process rights. The Court has included in its consideration of this motion McCullough's Statement of Recent Decision and the case referenced therein (Doc.#81).

## II.   OPINION

In the current motion, McCullough contends the undisputed material facts demonstrate he is entitled to qualified immunity with regard to Plaintiff's first cause of action in the TAC, which alleges a violation of his Fourteenth Amendment substantive due process right, and, therefore, the Court should grant summary

---

[2] A Second Amended Complaint (Doc. #46) was filed, but the parties stipulated to amendment (Doc. #51) to correct various errors shortly thereafter.  No relevant changes were made in the TAC.

judgment in McCullough's favor.

As discussed in the Court's earlier Order, in Tatum v. Moody, 768 F.3d 806, 814-15 (9th Cir. 2014) ("Tatum"), the Ninth Circuit held that a due process violation may occur when an individual is subject to "prolonged detention when the police, with deliberate indifference to, or in the face of a perceived risk that, their actions will violate the plaintiff's right to be free of unjustified pretrial detention, withhold from the prosecutors information strongly indicative of his innocence[.]" The court placed limitations on this constitutional rule, however, restricting it to "detentions of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks." Id. at 819-20.  When a defense of qualified immunity is asserted, the analysis has two prongs: (1) whether the official violated the plaintiff's constitutional rights, and (2) whether the right violated was clearly established at the time of the official's conduct.  Jones v. Cnty. of Los Angeles, 802 F.3d 990 (9th Cir. 2015).

Although the Court previously rejected McCullough's qualified immunity defense, he now contends the undisputed facts establish that the key allegations in the FAC and the TAC are incomplete and incorrect.  McCullough essentially argues that even if qualified immunity was not established based on the factual circumstances alleged in the FAC, the facts now before

1 the Court are so clear that there exists no genuine issue of
2 material fact such that he is entitled to qualified immunity on
3 Plaintiff's due process claim.  The Court disagrees.
4     McCullough argues that he timely completed and submitted the
5 Report.  When he discovered that the Report was not approved, he
6 timely took steps to get that approval and deliver it to the
7 Shasta SO.  McCullough argues his failure to follow up with the
8 Shasta SO, or directly with Meeker, or to deliver the Report
9 directly to the District Attorney is of no consequence because he
10 "reasonably believed that either the Shasta SO or the CHP would
11 timely provide a copy of that report to the District Attorney."
12 Under such circumstances, McCullough argues his conduct was
13 reasonable and appropriate, and therefore did not violate
14 Plaintiff's due process rights.
15     However, based on the evidence put forth by Plaintiff, there
16 was strong reason for McCullough to believe that a copy of the
17 Report was <u>not</u> timely provided to the District Attorney.  There
18 is evidence that numerous attempts were made by Plaintiff and his
19 mother to contact McCullough to follow up on the matter,
20 including interview requests that jail officials said would be
21 relayed directly to McCullough and voicemails left for McCullough
22 by Plaintiff's mother.  Viewing this evidence and drawing
23 inferences therefrom in the manner most favorable to Plaintiff,
24 McCullough was on notice that Plaintiff remained detained in the
25 Jail and should have known that the Report and the exculpatory
26 evidence discovered by McCullough did not make it into the hands
27 of the proper authority.  See <u>Matsushita Elec. Indus. Co. v.</u>
28 <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

1          There is no evidence that McCullough ever made direct
2    contact with Meeker regarding the exculpatory findings or ensured
3    that the Report was received by him.  As for his belief that the
4    CHP would timely provide the Report to the District Attorney,
5    McCullough directly submits that when he contacted the CHP, a
6    staff person told McCullough that they "did not want to receive a
7    copy of the report."  Taken in the light most favorable to
8    Plaintiff, the evidence could support a jury finding that
9    McCullough acted with deliberate indifference to or reckless
10   disregard for Plaintiff's due process rights.  See Anderson v.
11   Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Tatum, at 821.
12         McCullough also puts forth a number of arguments that were
13   already considered and rejected by the Court in its previous
14   Order.  First, Plaintiff's claim is not based on a Brady
15   violation so McCullough's arguments regarding the pre-condition
16   of a criminal conviction are unpersuasive.  Second, there still
17   remains a genuine issue of material fact as to whether
18   McCullough's conduct prolonged Plaintiff's detention in jail.  It
19   appears undisputed that the receipt of the Report quickly led the
20   District Attorney to drop the vehicle charges, which was then
21   followed by Plaintiff being released from jail a few weeks later.
22   Finally, the issue of whether the constitutional right was
23   "clearly established" was sufficiently discussed in the Court's
24   previous Order where it found that at the time of the incident
25   "the Ninth Circuit had clearly established the 'constitutional
26   right to be free from continued [pretrial] detention after it was
27   or should have been known that the detainee was entitled to
28   release.'"  Order at pp. 22-23 (citing Lee v. City of Los

1  Angeles, 250 F.3d 668, 683 (9th Cir. 2001)).  The evidence
2  provided to the Court in conjunction with the current motion does
3  not change the nature of the right underlying Plaintiff's claim.
4  The Court finds the violative nature of McCullough's *particular*
5  conduct was clearly established to the "required degree of
6  specificity."  Mullenix v. Luna, 136 S. Ct. 305, 308-09 (2015).
7  Accordingly, McCullough's Motion for Summary Judgment is denied.
8
9                          III.   ORDER
10     For the reasons set forth above, the Court DENIES
11 McCullough's Motion for Summary Judgment.
12     IT IS SO ORDERED.
13 Dated: November 16, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE